METROPOLITAN LIFE INS. CO., APPELLANT, *v.* RIEK ET AL., APPELLEES.

(Decided June 19, 1939.)

*Messrs. Holbrook & Banker,* for appellant.
*Mr. Joseph L. Welti,* for appellee, Daugherty.

CARPENTER, J. This is an action on a note and to foreclose a mortgage securing it. It is here for trial *de novo* to determine whether the defendant, Emma B. Daugherty, the owner of the mortgaged real estate who purchased it from the mortgagor subject to, but not assuming, the mortgage now held by the plaintiff (an assignee of the mortgagee bank which was in liqui-

dation when this suit was begun) can set off her deposit in the bank against the amount found due upon the mortgage debt. It is conceded that the assignee of the mortgage has no better claim than would the Superintendent of Banks in charge of the liquidation of the assignor bank, had the mortgage not been assigned by it.

A set-off is defined in the law of Ohio, in Section 11319, General Code, as follows:

"A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in an action founded on contract."

Mrs. Daugherty owned the equity of redemption in the mortgaged premises. This gave her the right to pay the mortgage debt to protect her equity. She had never promised, either expressly or impliedly, to pay it; she was under no legal obligation to pay it. Neither the bank nor the plaintiff could take a judgment against her on the debt, and none was asked. Nor could the bank, had it continued to hold the note, at any time have applied her deposit upon it without her consent. As the plaintiff could not have a several judgment against her, her claim of a set-off lacks the mutuality of obligation the law requires to support a set-off. Between them there could not be a "several judgment." No contract ever existed between her and the plaintiff or the bank; in fact plaintiff has no cause of action against her. It is only that her equity of redemption may be foreclosed that she was made a party to this suit. A set-off "can be pleaded only in an action founded on contract." (Section 11319, General Code.)

But, it is said equity may permit a set-off where mutuality of obligation is lacking. There are cases where that has been permitted, but where the rights of

third persons have intervened such equitable set-off is nowhere recognized. When the bank, which had Mrs. Daugherty's deposit, closed for liquidation, it ceased to be a bank and its creditors became the real parties in interest on the question presented here. If this set-off is granted, Mrs. Daugherty will be a preferred creditor of the bank in that her deposit will be paid in full to the prejudice of other creditors. Hence, the interests of these creditors having thus arisen, the principle of equitable set-off can have no application.

Other reasons why plaintiff should not prevail are urged by Mrs. Daugherty, none of which is well taken. Her deed bears a date prior to that of the mortgage, but the evidence shows the prior delivery and recording of the mortgage and she made payments on it for twelve years, knowing all about its origin.

The fact that she did not know of the assignment of the note and mortgage to the plaintiff after it became due and that she continued to make payments upon it through the bank, did not prejudice her when it is conceded that the plaintiff now has no higher or better rights in the premises than would the Superintendent of Banks, had there been no assignment.

She also claims that when she purchased the property she promised the vendor who gave and is liable on the mortgage note, that she would pay it as part of the purchase price. Under that contract, perhaps the vendor can claim indemnification from her if and when he is required to pay it, but that is between them. Neither the bank nor the plaintiff can avail of that contractual obligation to which they were not parties, nor was it made for their benefit.

The finding and decree are for the plaintiff and Mrs. Daugherty's cross-petition is dismissed.

*Decree for appellant.*

OVERMYER and LLOYD, JJ., concur.